(24 Misc. Rep. 357.)

In re SULLIVAN.

In re HYLAND'S ESTATE.

(Surrogate's Court, New York County.   July, 1898.)

ADMINISTRATORS—JURISDICTION—RESIDENCE.

On application for appointment as administrator of a decedent in New York county it appeared that decedent died in Oneida county, whither he had been taken, some years before his death, on account of the feeble condition of his mind, by his brother, who was appointed his committee. *Held* that, decedent's removal and maintenance by his committee being sufficient to effect a change of residence, the court would be without jurisdiction.

Application by William P. Sullivan for letters of administration on the estate of Josiah A. Hyland, deceased.   Dismissed.

Scott & Treadwell, for petitioner.

J. A. Devereux, A. D. Kneeland, and Sayles, Searle & Sayles, for objectors.

FITZGERALD, S.   This is an application for letters of administration by a nephew of decedent, claiming that the said decedent was, at the time of his death, a resident of this county, although his death happened in Oneida county.   Code Civ. Proc. § 2476, subd. 1.   The application is opposed by a brother of decedent, who claims that the decedent was a resident of the county wherein he died, and that to the surrogate of that county belongs the jurisdiction of issuing letters upon his estate.   The decedent was a lawyer, and had been engaged in the practice of his profession in this city, where he resided for many

years prior to October, 1894. In that month, while being in a condition of mind that probably incapacitated him from effecting a change of residence by his own volition, he accompanied, or was taken by, his brother to the home of the latter, in Oneida county, in this state. In the following April he was placed in a private sanitarium or asylum in Connecticut for treatment, and finally returned to his brother's home, where he passed the last two years of his life. In April, 1897, his brother was appointed the committee of his person and estate by the special term of the supreme court in the judicial district embracing the county of Oneida. The statute which provides for the appointment of a committee of the person or estate of an incompetent requires that the application therefor must be made to the special term of the supreme court held within the judicial district, or to a justice of the supreme court within the judicial district where the person alleged to be an incompetent resides. Section 2323, Code Civ. Proc. In view of this statute, it must, I take it, be assumed that the court, in appointing a committee for the intestate, made the proper inquiry as to his place of residence at the time of entertaining the application, and determined that he was a resident of Oneida county, where the court was held, or of the judicial district of which it formed a part. I should be inclined to consider that this disposes of the claim that the intestate was a resident of this county at the time of his death. But, whether it does or not, I have no doubt that the action of the committee in keeping and maintaining the decedent until his death in the home of the former, whither he had been removed before the appointment of the committee, was, under.the circumstances, sufficient to effect a change of decedent's residence in this city to that of his committee in Oneida county. Hill v. Horton, 4 Dem. Sur. 88. The application of petitioner is dismissed.

Application dismissed.